Hancock County *v.* Vairin, Sheriff.

[80 South. 780, Division B.]

1. Fines. *Proceeds of fines. Discretion of supervisors.*
   Under the terms of the statute, Laws 1912, chapter 124, the board of supervisors had the discretion to appropriate the money arising from fines for the unlawful sale of intoxicating liquors or the keeping of the same for sale, or not to do so, and discretion as to what sums, not exceeding one-third of such fines, shall be appropriated, and the purpose for which the money shall be expended, or for the purpose of procuring evidence of the violations of the statutes or ordinances against the unlawful sale or keeping of intoxicating liquors.

2. Same.
   The primary purpose of the statute was to enable the board to use such moneys for the purpose of obtaining evidence, and in such case, the money should be first apropriated and the contract for procuring the evidence should be made by the board, or some officer authorized by the board to make such contracts, and when the claim is presented for allowance, it should be itemized or in writing, showing to whom, what amount and for what purpose the money was expended.

3. Same.
   The discretion of the board of supervisors under a mere enabling act cannot be controlled by the courts.

4. SHERIFFS AND CONSTABLES. *Right to compensation.*

The sheriff is not entitled to one-third of the fines, from the simple fact that he made the arrests and furnished the evidence for conviction. It is his duty as an officer to give information to a peace officer of a violation of the law coming to his notice and it is his duty to execute process directed to him in arresting parties and summoning witnesses.

5. SAME.

The sheriff may, when authorized by the board employ persons to procure evidence and pay such sums as the board may agree to pay for that purpose and be re-imbursed for such sums paid out for this purpose if the board has authorized the funds to be appropriated for that purpose, but he cannot receive additional compensation under the statute for his own services, since his fees for his services in this class of work are provided for in other provisions of the law.

APPEAL from the circuit court of Hancock county.
HON. J. H. NEVILLE, Judge.

Claim by J. W. Vairin, Sheriff, against Hancock County. The claim was disallowed by the board of supervisors and on appeal to the circuit court judgment was rendered for the sheriff and the county appeals.

The facts are fully stated in the opinion of the court.

*E. J. Gex,* for appellant.

We contend that the circuit judge erred for many reasons. First, the statute does not allow the board of supervisors to appropriate one-third of fines in any cases but for the "unlawful sale or the keeping for sale of intoxicating liquors." Second, the statute leaves it in the discretion of the board of supervisors whether or not they can make this allowance and leaves it to them as to what proportionate amount of the fine they shall allow, and, third, the sheriff cannot collect anything under this act or any law unless specially allowed to do so because he is an officer and the statute providing for the allowance for procuring evidence does

not apply to any public officer whose duty it is to find this evidence.

Under the first head we refer the court to the list of cases wherein the parties were convicted and this list of cases show the nature of the crime committed and for which the defendants therein were convicted and on page 4 of the record we find exactly what those defendants were convicted of by reading the following: "Statement of fines collected by J. W. Vairin, Sheriff, from parties having more liquor in their possession than the law allows." As to this there can be no dispute. The agreed statement of facts refers to this list and makes it a part of the said agreement. The said appellee tries to recover under chapter 124 of the Laws of 1912, yet this Act provides that the board may pay in the following cases, "from the unlawful sale or keeping for sale of intoxicating liquors," etc. There is no provision there made or anywhere made for having more liquor in one's possesson than the law allows and in fact the legislature could not have had this in mind when this act was created for the reason that the act making it an offense to have only a certain amount of liquor in one's possession was passed several years after. Under the second head, we contend that the court had no right to direct that the county pay any amount whatever, this being left discretionary with the Board of Supervisors. They could have allowed one-fourth or one-tenth, no amount was forced on them, and besides, the act itself merely leaves it in the discretion of the board to act as they see fit, the act itself reading as follows: "are hereby authorized and empowered." Merely permitting this to be done and not forcing them to do it. This very point was passed upon in the case of *Horton* v. *Lincoln County,* 77 So. 796. We believe further that before a board of supervisors could pay or allow any money to be paid, an itemized account should be furnished the board showing the amount spent and how spent and that the spending is left discretion-

ary with the board and that this one-third was not left or given as a reward. We believe that what prompted the legislature to pass this law was the fact that the Prohibition law was being frequently broken and in order that the guilty parties might be convicted, the legislature thought that by allowing the board to spend this money in procuring evidence ,the guilty parties might be caught. It was not intended that the fines should come from the very cases where the parties were convicted, if it intended any such thing the language of the statute certainly does not say so.

Under the third head mentioned in this argument, we contend in all earnestness that the sheriff of any county is not entitled to one cent of this money for the reason that he is a public officer and cannot collect one cent of the same.

This is an elementary proposition of law and we need not cite this court but a few authorities, viz: 22 R. C. L., 238; 34 Cyc., 1753; *Ex Parte J. W. Gare,* 57 Miss., 251.

For the three reasons herein mentioned, we believe that this case should be reversed.

*R. L. Genin,* for appellee.

The facts plainly show that the board of supervisors were ready and willing to pay the amount claimed by the appellee and that they found it justly due; that they ought to pay it as a matter of right, but being advised that appellee was sheriff of the county, on that account could not be paid. The matter was appealed solely to settle that proposition of law.

The learned judge of the circuit court, deciding that even though the appellee was an officer, he is entitled to the amount, after the board of supervisors decided that it was justly due.

Council for appellant now advances other legal theories not previously raised or agreed to be considered.

Will therefore answer brief of counsel as written, which raises three propositions.

First, "That chapter 124 of the Laws of 1912 is not applicable because the statute intended only to authorize the appropriation where the fines collected are for the sale or keeping for sale of intoxicating liquors, and does not apply where fines have been collected for having more liquor in one's possession than allowed by law."

This is rather a peculiar attitude of counsel, in view of the agreed statement of facts. The question of what liquor law violations these fines were paid never entered into agreement, as plainly is seen from the reading thereof, but admitting, for the sake of argument, that it was, counsel for appellant is wrong in the construction of the statute in that respect.

The intention of the legislature can be seen from reading the entire act, and a consideration of the conditions under which the act was passed, and those conditions which now exist.

The law manifestly intended to reimburse those that necessarily incurred expense for the procurement of evidence upon which to convict all offenders of the liquor laws. At the time this law was passed, and at the present time, as an abstract proposition, there are only two ways of violating the liquor laws, and that is, by selling and having liquors.

Counsel tries to draw the fine distinction between having liquor for the purpose of sale, and having more than the law allows. The honorable court will see that the legislature intended covering the entire category of liquor violations by reading the entire act, especially the title, the latter being as follows:

"An Act to Authorize the Counties and Municipalities to Appropriate Money to Aid in the Prevention and Punishment of the Unlawful Sale and Keeping of Intoxicating Liquors."

I submit to the court that the words "keeping" and "having" mean the same thing, so far as this statute

is concerned, and a different construction is too fine a distinction to bar the sheriff from the refund of the money he is justly entitled to as expressed by the board of supervisors.

Second, "That the board failing to exercise their right of discretion, there was nothing for the circuit court to do."

Counsel for the appellant makes this his second failure to remember the agreed statement of facts. It being fully agreed that the board of supervisors, realizing that the appellee is entitled to the amount claimed, he ought to have it as a matter of right, and they exercised the right of discretion by so declaring that he shall have it if the legal doubt can be removed as to whether or not they can legally pay him; thereby acknowledging the moral obligation and asking that the legal question be litigated.

We therefore submit that this court should settle the question of whether or not the board of supervisors may legally pay an officer the amount authorized by statute. The case of *Horton* v. *County*, 77 So. 796, referred to by counsel for appellant does not apply here, as in that case the board of supervisors failed to find any damages due and they refused to make the appropriation. In this case, the board of supervisors find the claim to be justly due.

Third, "That the sheriff of the county is not entitled to collect the allowance under statute, being a public officer."

This is the sole proposition upon which this case was agreed to be tried.

Construing this statute in the light of all the liquor legislation and the causes brought to this honorable court at each session for such offenses, it can be plainly seen why this statute was passed. Offenders of the liquor laws do so in nine-tenths of the cases with the knowledge of those who are extremely anxious for the offenders to continue doing so without interruption, and for

this and other obvious reasons, it is extremely difficult and expensive to obtain proof against those violating the law. If the officer was entitled only to the statutory fee for making arrests and summoning witnesses, he would be forced to pay for a large part of this expense out of his own pocket to enforce the liquor laws, especially here on the coast, where it has been recently demonstrated that the use of submarine chasers are necessary to catch the swifter crafts.

If counsel's contention was right, that those only who are not officers are entitled to the refund or allowance for the production of evidence, I ask, in all earnestness, what proportion of those violating the liquor laws would be apprehended by the civilian? There is a vast difference between the statute in question and the law authorizing the payment of a reward for the capture of a fleeing homicide, as referred to by counsel in his brief. The latter is a reward, pure and simple, and is offered for bravery in doing a hazardous act which is the duty of the sheriff to perform. In this case, and as intended by chapter 124 of the laws of 1912, it is intended as a refund of expenses in procuring evidence in the conviction of those violating the liquor laws, not offered as a special inducement to perform a duty, but a state obligation to pay certain expenses.

I submit that this case should be affirmed and the amount due the appellant as a matter of right, and recognized as a just moral obligation by the debtor, should be paid.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was sheriff of the county and presented to the board of supervisors a claim for six hundred, forty one dollars and sixty-six cents, being one-third of certain fines collected for liquor cases in which the defendants were fined and convicted, alleging that Vairin made the arrest and procured the evidence for the conviction of defendants, and when doing this he was acting

as sheriff of Hancock county. The board of supervisors refused the allowance, the order of the board reciting as follows:

"The claim of J. W. Vairin for six hundred, forty-one dollars and sixty-six cents, being one-third of fines collected in liquor cases, is disallowed, not because the board does not believe that the said J. W. Vairin did not do the work, as the board is of the opinion that the said Vairin should be paid, but the account is disallowed because the board is advised that an officer cannot collect the one-third provided by statute."

An itemized account was filed, giving the list of cases, the first item in the account being as follows:

"Statement of fines collected by J. W. Vairin, sheriff, from parties having more liquor in their possession than the law allows. Name, John Henry Davis; date arrested, May 15, 1916; date tried, May 15, 1916; date paid fine or worked, August 31, 1916; fine twenty-five dollars; date released, August 31, 1916," etc.

All the other parties, with names, date of arrest, date of trial, date when fine was paid or worked out, amount of fine, and date of release, is set forth in the same manner, making total of fines paid or worked out one thousand, nine hundred and twenty-five dollars. The cause was appealed to the circuit court and tried on agreement of the above facts being the facts of the case, and judgment was rendered in the circuit court for the appellee, sheriff.

Chapter 124, Laws of 1912, entitled, "An act to authorize counties and municipalities to appropriate money to aid in the prevention and punishment of the unlawful sale and keeping of intoxicating liquors," reads as follows:

"Be it enacted by the legislature of the state of Mississippi, that the board of supervisors of any county in this state and board of aldermen, or board of aldermen and councilmen, as the case may be, of any municipality in this state, are hereby authorized and em-

powered to appropriate, from time to time, sums of money, not exceeding one-third of the fines which have been collected by them respectively, from the unlawful sale or keeping for sale of intoxicating liquors for the purpose of procuring evidence of the violations of the statutes or ordinances, as the case may be, against the unlawful sale or keeping of intoxicating liquors."

It is contended by the appellant that the judgment should be reversed for the following reasons: First, the statute does not allow the board to appropriate one-third of the fines in any cases except for the unlawful sale or keeping for sale of intoxicating liquors; second, the statute leaves it in the discretion of the board whether or not they may make this allowance and leaves it to them what proportionate amount of the fine they shall allow; third, the sheriff cannot collect anything under this act for his own services because he is an officer whose duty it is to disclose any evidence coming to his knowledge.

It does not appear in the agreed state of facts that the board of supervisors had ever passed an order appropriating the money collected from fines for the purpose authorized by the statute in any amount whatever, nor does the record show any order of the board of supervisors specifying how any money shall be expended so appropriated. And, further, it does not appear that the sheriff incurred any expense in procuring the evidence, or that he contracted with anybody to obtain evidence to be paid from any such fund.

Under the terms of the statute the board has the discretion to appropriate the money, or not to do so, and discretion as to what sums, not exceeding one-third of such fines, shall be appropriated, and the purpose for which the moneys shall be expended, or for the purpose of procuring evidence of the violations of the statutes or ordinances against the unlawful sale or keeping of intoxicating liquors. The primary purpose of the stat-

ute was to enable the board to use such moneys for the purpose of obtaining evidence, and in such case the money should be first appropriated, and the contract for procuring the evidence should be made by the board, or by some officer authorized by the board to make such contracts, and when the claim is presented for allowance, it should be itemized, or in writing, showing to whom, what amount, and for what purpose the moneys were expended.

This court held in *Horton* v. *Lincoln County,* 116 Miss. 813, 77 So. 796, that the discretion of the board under a mere enabling act could not be controlled by the court. That it was discretionary with the board to pay or not to pay for cattle injured in that case in such amount as the board should deem proper.

In the present case, the statute is a mere enabling act, authorizing the board in its discretion to appropriate the money for the purposes named in the statute. The court cannot compel the board to do so, and the board can appropriate such amount, less than one-third, as it thinks proper under the circumstances existing in the county.

We do not think the sheriff is entitled to one-third of the fines from the simple fact that he made the arrest and furnished the evidence for conviction. It is his duty as an officer to give information to a peace officer for a violation of law coming to his notice; and it was his duty to execute the process directed to him in arresting parties and summoning witnesses. The sheriff may, when authorized by the board, employ persons to procure evidence and pay such sums as the board may agree to pay for that purpose, and be reimbursed for such sums paid out for this purpose if the board has authorized the funds to be appropriated for that purpose, but he cannot receive additional compensation under this statute for his own services; and his fees for his services in this class of work are provided for in other provisions of the law.

It follows that the judgment of the court below must be reversed, and the action of the board of supervisors affirmed.

*Reversed, and judgment here.*