WALKER, Justice,
for the Court:
The appellant was convicted in the Circuit Court of Leake County, Mississippi, of the unlawful possession of intoxicating liquor and sentenced “to pay a fine of $150.00 and all costs of court and serve 60 days in the county jail; but upon payment of the fine of $150.00 and all costs of court and serving 30 days in the county jail, the balance of the 60-day sentence will be suspended.”
The court committed reversible error by allowing the county attorney to state, over objection of the defendant in closing argument, that “The constable did not have anything to gain by being out there that night,” when an offer of proof during trial showed that the arresting constable in fact received one-third of the fines in whiskey possession cases, such as this, and had a pecuniary interest in the outcome of the case. Therefore, the statement of the county attorney had no basis in fact and was so prejudicial under the facts of this case as to constitute reversible error. Moreover, the receipt of these fines by law enforcement officers is not authorized by law. Hancock County v. Vairin, Sheriff, 119 Miss. 315, 80 So. 780 (1919). In that case, the Court said, referring to Chapter 124, Laws of 1912, forerunner of the present Mississippi Code Annotated section 99-27-37 (1972), upon which the state relies:
We do not think the sheriff is entitled to one-third of the fines from the simple fact that he made the arrest and furnished the evidence for conviction. It is his duty as an officer to give information to a peace officer for a violation of law coming to his notice; and it was his duty to execute the process directed to him in arresting parties and summoning witnesses. The sheriff may when authorized by the board, employ persons to procure evidence and pay such sums as the board may agree to pay for that purpose, and be reimbursed for such sums paid out for this purpose if the board has authorized the funds to be appropriated for that purpose, but he cannot receive additional compensation under this statute for his own services; and his fees for his services in this class of work are provided for in other provisions of the law. (119 Miss. at 324, 80 So. at 781).
The Court’s rationale in Hancock County v. Vairin, supra, also applies to constables so as to prohibit them from receiving additional compensation under Mississippi Code Annotated section 99-27-37 (1972) for procuring evidence in intoxicating liquor cases.
The judgment of the circuit court is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and .COFER, JJ., concur.